IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM KELLER, as legal guardian of C.K., a minor child,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ALPINE SCHOOL DISTRICT; et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO AMEND AND DENYING WITHOUT PREJUDICE PARTIAL MOTION TO DISMISS<br><br>Case No. 2:19-cv-874 DBP<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Defendants' Partial Motion to Dismiss (ECF No. 17) and Plaintiff's Motion for Leave to File First Amended Complaint.[1] Having considered the parties' respective positions, the court will deny both motions without prejudice, effectively hitting a restart, in an effort to get the parties to better communicate, and to follow the Tenth Circuit's preference to decide a case on its merits rather than mere technicalities. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits.").

　　　　This is a civil rights suit wherein Plaintiff, who is acting on behalf of a minor with "multiple, significant disabilities" (ECF No. 2 p. 1), seeks redress for alleged actions and policies that have harmed C.K. Unfortunately, a breakdown in communication between counsel has led to the current disputes. On February 7, 2020, Defendants filed a Partial Motion to Dismiss arguing, *inter alia*, that Plaintiff's claims fail to satisfy Rule 8's pleading standard, that Plaintiff Adam

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c). (ECF No. 15.)

Keller lacks standing, there was not a "seizure" in violation of the Fourth Amendment and there was no failure by the Alpine School District to oversee the other Defendants. On February 26, 2020, the court granted the parties' stipulated motion for extension of time to respond to the partial motion to dismiss providing a new deadline of April 6, 2020. (ECF No. 19.) Apparently, on March 12, 2020, a meeting took place to discuss this case as well as two other separate but related disability discrimination cases currently pending in this court. During this meeting the parties "agreed that Plaintiff would prepare an *Unopposed Motion for Leave to Amend Complaint* with the proposed *First Amended Complaint* attached and provide it to Defendants for review before filing with the Court." (ECF No. 25 p. 4.) Defendants agreed that upon the filing, they would withdraw the Partial Motion to Dismiss and respond to the First Amended Complaint. According to Defendants, the proposed amended complaint was never provided and Plaintiff did not respond to an additional offer of extending the response deadline to the Partial Motion to Dismiss. (ECF No. 24 p. 2.) Thus, on April 20, 2020, having received no response, Defendants filed a request to submit for decision the Partial Motion to Dismiss. (ECF No. 20.) The request to submit "caught [Plaintiff's counsel] off guard" (ECF No. 27 p. 4) having understood that the prior agreement was in place. So, Plaintiff then felt compelled to seek leave to amend directly with the court on this same date. (ECF No. 22.) On this same date the court entered an Order to Show Cause ordering Plaintiff to respond to the Partial Motion to Dismiss. (ECF No. 21.) Plaintiff subsequently responded to the Court's Order to Show Cause. (ECF No. 25.)

Adding to this ostensibly curious string of events are two additional abnormalities. First, in "Plaintiff's rush to respond to the Court," (ECF No. 27 p. 4) Plaintiff failed to attach a "redlined version of the proposed amended pleading comparing it with the pleading sought to be

amended" in violation of Local Rule 15-1(a)(2). Second, in partial opposition to the Motion for Leave to Amend, Defendants essentially reassert their arguments made in the Partial Motion to Dismiss. While seemingly understandable since the operable complaint is still indefinite, such arguments essentially run afoul of Local Rule 7-1(b)(1)'s prohibition against making motions in a response or reply memoranda because they are not brought separately in a new motion to dismiss. The Tenth Circuit has noted the strong preference to decide a case on its merits. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011); *Archibeque v. Atchison, Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995). Here the procedural posture of this case and the lack of communication between the parties undermines this strong preference.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File First Amended Complaints is DENIED WITHOUT PREJUDICE. Plaintiff is ORDERED to provide the proposed First Amended Complaint and a redlined copy to Defendants within thirty (30) days from the date of this order. The parties are to use their best efforts, as it appears were previously used in reaching an agreement, to resolve any dispute concerning the filing of an amended complaint.

IT IS FURTHER ORDERED that Defendants' Partial Motion to Dismiss is DENIED WITHOUT PREJUDICE. Once the parties resolve the filing of an amended complaint, then Defendants should respond to it. This will put the parties in essentially the same posture as they agreed to previously before a breakdown in communication. And, this will allow the court to have a clearer and accurate procedural record prior to making any necessary rulings.

IT IS SO ORDERED.

DATED this 19 May 2020.

_____
Dustin B. Pead
United States Magistrate Judge