FILED
2021 MAY 20 PM 3:32
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADAM KELLER, as legal guardian of C.K., a minor child,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ALPINE SCHOOL DISTRICT; Alpine School District Board of Education; Tarra Anderson, in her official and individual capacity; Jane Does 1–5, in their official and individual capacities,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>Case No. 2:19-cv-00874-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Plaintiff Adam Keller, as legal guardian for C.K., moves the court for clarification of its Memorandum Decision and Order, (ECF No. 44.), under Rule 7 of the Federal Rules of Civil Procedure. (ECF No. 47.) Defendants submitted a Motion to Dismiss that the court granted in part. "Plaintiff seeks clarification as to whether Claim Six and Claim Nine were dismissed as a matter of law." Mtn. p. 2. Defendants do not object to the court clarifying its order. The court grants Plaintiff's request.

　　　　As set forth in detail in the Memorandum Decision and Order granting Defendants' Motion to Dismiss in part, this case arises from Plaintiff's allegations of discrimination and alleged constitutional rights violations while enrolled at Dan Peterson School, which is within Defendant Alpine School District. The court dismissed Plaintiff's Claim One as related to the accommodation that C.K. be transferred back to Foothill Elementary, Claim Three, Claim Five, Claim Six, Claim Seven, Claim Eight, Claim Nine, and Claim Ten. (ECF No. 44.) The motion was denied as to Claim One concerning the withholding of food, Claim Two, and Claim Four.

Plaintiff seeks clarification as to whether Claim Six (Fourth Amendment claim) and Claim Nine (Equal Protection claim) were dismissed as a matter of law. The court clarifies that they are dismissed as a matter of law. Thus, allowing Plaintiff another opportunity to amend the Complaint would be improper.[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that a court may dismiss without granting leave to amend, when it would be futile to allow the plaintiff an opportunity to amend the complaint); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (noting that if a "dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice").

Claim Six alleges an unlawful seizure in violation of the Fourth Amendment. Plaintiff alleged Defendant Ms. Anderson's use of a Rifton chair, along with other conduct by Defendants, constituted Fourth Amendment violations. The court disagreed with Plaintiff, noting the nature of the Rifton chair as described by Plaintiff, and the other activities, did not constitute a seizure. Thus, Plaintiff did not assert a "viable cause of action for a violation of the Fourth Amendment." (ECF No. 44. P. 15.) The court's order dismissed this claim as a matter of law.

Claim Nine brought allegations that C.K's equal protection rights were violated by treating him differently than other students without disabilities. The court found Plaintiff failed to set out specific examples of similarly situated individuals with differing treatment, and there was no assertion of a "class of one" theory. Plaintiff's broad allegations that it is an Equal Protection violation to have any special needs student, in a specialized school designed to help such students, was rejected. In doing so, the court dismissed this claim as a matter of law.

Accordingly, Claims Six and Nine were dismissed as a matter of law.

---

[1] The court notes that it already granted leave for Plaintiff to amend the Complaint previously in July 2020. (ECF No. 31.)

IT IS SO ORDERED.

DATED this 20 May 2021.

_____
Dustin B. Pead
United States Magistrate Judge