KYLE J. KAISER (13924)
VANESSA R. WALSH (16180)
Assistants Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov
        vwalsh@agutah.gov
*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| ADAM KELLER, as legal guardian of C.K., a minor child; | **MOTION TO DISMISS AMENDED COMPLAINT FOR MOOTNESS AND MEMORANDUM OF LAW IN SUPPORT** |
| Plaintiff, | |
| v. | Case No. 2:19-cv-00874-DBP |
| ALPINE SCHOOL DISTRICT; Alpine School District Board of Education; Tarra Anderson, in her official and individual capacity; Jane Does 1-5, in their official and individual capacities. | Magistrate Judge Dustin B. Pead |
| Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES ........................................................................3

MOTION.......................................................................................................4

MEMORANDUM OF LAW .........................................................................4

  INTRODUCTION .....................................................................................4

  FACTUAL AND PROCEDURAL BACKGROUND ...............................6

  LEGAL STANDARD................................................................................9

  LEGAL ARGUMENT.............................................................................10

    1.  C.K.'s Absence from the District Moots the Remaining Claims................11

    2.  The Changes in C.K.'s Educational Circumstances Moots the Remaining Claims. ....................................................................................14

  CONCLUSION........................................................................................18

# <u>TABLE OF AUTHORITIES</u>

Page(s)

Federal Cases

*A.L. ex rel. C.L. v. Sch. Bd. of Miami-Dade Cnty, Fla.*,
  2014 WL 12857913 (S.D. Fla. Jan. 6, 2014) ...................................................... 12
*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ............................................................................................. 16
*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ............................................................................................... 9
*Brown v. Buhman*,
  822 F.3d 1151 (10th Cir. 2016).................................................................... Passim
*Cameron D. v. Arab City Bd. of Educ.*,
  2018 WL 4615850 (N.D. Ala. Sept. 26, 2018) .................................................. 12
*Chase v. Baskerville*,
  508 F. Supp. 2d 492 (E.D. Va. 2007) ................................................................. 12
*Hays v. Roseman University of Health Sciences*,
  2014 WL 6997924 (D. Utah Dec. 10, 2014) ...................................................... 11
*Holt v. United States*,
  46 F.3d 1000 (10th Cir. 1995) ............................................................................... 9
*Ind v. Colo. Dep't of Corrs.*,
  801 F.3d 1209 (10th Cir. 2015)............................................................................. 8
*Jordan v. Sosa*,
  654 F.3d 1012 (10th Cir. 2011)................................................................... 9, 10, 11
*Kan. Jud. Rev. v. Stout*,
  562 F.3d 1240 (10th Cir. 2009) ........................................................................... 10
*Kennecott Utah Copper Corp. v. Becker*,
  186 F.3d 1261 (10th Cir. 1999) ........................................................................... 11
*Los Alamos Study Grp. v. U.S. Dep't of Energy*,
  692 F.3d 1057 (10th Cir. 2012) ............................................................................. 9
*Martin-Trigona v. Shiff*,
  702 F.2d 380 (2d Cir. 1983) ................................................................................ 11
*Mirabella ex rel. Mirabella v. Wm. Penn Charter Sch.*,
  752 F. App'x 131 (3d Cir. 2018) ......................................................................... 13

*R.K. ex rel. J.K v. Bd. of Educ. of Scott Cnty, Ky.*,
  637 F. App'x 922 (6th Cir. 2016) ........................................................ 14
*Rhodes v. S. Nazarene Univ.*,
  554 F. App'x 685 (10th Cir. 2014) ............................................ 11, 13

Federal Statutes

Article III of the United States Constitution ....................................... 9, 15
U.S. CONST. art. III, § 2, cl. 1 ................................................................ 9

Federal Rules

Fed. R. Civ. P. 12(b)(1), (h)(3) ................................................................ 9
Federal Rule of Civil Procedure 12(b)(1) ........................................... 3, 9

## MOTION

Defendants, through counsel, move to dismiss Plaintiff's First Amended

Complaint (ECF no. 32) under Federal Rule of Civil Procedure 12(b)(1) because,

as fully explained in the accompanying Memorandum of Law, the case is moot.

## MEMORANDUM OF LAW

### INTRODUCTION

The only claims remaining in this case seek equitable relief.  Claim One

seeks an order requiring modification of District policy to prevent the district from

"punitively deny[ing] C.K. food and water despite explicit instructions from C.K.'s

health provider" to the contrary, a claimed violation of the ADA.[1]  Claim Two

---

[1] Am. Compl. ¶ 138; *see also* Mem. Decision & Ord. (doc. 44) at 21 (dismissing Claim One as to Plaintiff's previous request to require the District to transfer C.K. to Foothill Elementary school).

4

seeks an order prohibiting the District from placing C.K. in a Rifton chair,
allegedly causing a deprivation of educational opportunities in violation of the
ADA.[2] Claim Four seeks an order prohibiting the District from placing C.K. in a
Rifton chair, allegedly causing a deprivation of educational benefits in violation of
the Rehabilitation Act.[3]

     Each of these claims is moot for two separate reasons.  First, C.K.'s parents
voluntarily removed C.K. from the District 2020. As far as the District knows,
C.K. is not going to return to the District.  The District has received no
communications from C.K.'s parents evidencing any intent for C.K. to return.
Because an order on the remaining claims would not change the legal relationship
of the parties, the claims are moot.

     Second, the claims are moot because the conduct complaint of will not recur.
Even if C.K. returns to the District, he will return to a school that does not have a
Rifton chair.  The District does not move Rifton chairs from one school to another.
And the District administrators who oversee assigning assistive devices to schools
will ensure that a Rifton chairs will not be placed in C.K.'s school.  Plaintiff's

---

[2] Am. Compl. ¶¶ 142–45.
[3] Am Compl. ¶¶ 152–57.

request for a court order prohibiting the use of Rifton chairs is moot because there is no reasonable likelihood that C.K. would ever be placed in a Rifton chair.

Additionally, if C.K. returned to the District, all the principals of the schools, and District administration, have all agreed that the District will follow all doctor's recommendations about C.K.'s food and water needs.  C.K. will not be subject to the conditions complained of in the Amended Complaint, and thus the claim is moot.

For these reasons, the Court should dismiss the case.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff is the father of C.K., a minor with multiple disabilities.[4] C.K. was enrolled in the Alpine School District until February of 2020.[5]

2. C.K. was placed at the Dan Peterson school, a special purpose school for children with moderate to severe special needs, and attended the school during the 2016–2017, 2017–2018 school years.[6]

---

[4] Am. Compl. (doc. 32) ¶¶ 16–17.
[5] Decl. of Jeremy Brunner ¶ 3, attached hereto as **Exhibit A.**
[6] Am. Compl. ¶¶ 19–21.

3. Plaintiff alleged that, while at Dan Peterson, C.K. was subject to abuse, discrimination prohibited by the Americans with Disabilities Act and Rehabilitation Act, constitutional violations, and other prohibited treatment.[7]

4. Plaintiff filed a complaint against Defendants on November 7, 2019, and an Amended Complaint on July 8, 2020, asserting ten claims for relief and seeking legal and equitable relief.[8]

5. Defendants moved to dismiss the Amended Complaint, and, after a hearing, this Court dismissed all claims except the First Claim (seeking equitable relief only—an injunction prohibiting the District from punitively denying C.K. food from "punitively deny[ing] C.K. food and water despite explicit instructions from C.K.'s health provider" to the contrary," the Second Claim (seeking equitable relief only—an injunction prohibiting the District from placing C.K. in a Rifton chair, allegedly causing a deprivation of educational opportunities in violation of the ADA), and the Fourth Claim (seeking equitable relief only— an injunction prohibiting the District from placing C.K. in a Rifton chair, allegedly causing a deprivation of educational benefits in violation of the Rehabilitation Act). [9]

---

[7] *See generally* Am. Compl.
[8] *Id.*
[9] Mem. Decision & Ord. (doc. 44) at 21.

6.   C.K. is no longer enrolled in the Alpine School District.[10]  The principals of
     C.K.'s former elementary school (Foothill), his former special purpose
     school (Dan Peterson), the junior high school he would attend if he would
     re-enroll (Canyon View), and the District's Director of Special Education
     have not had any communications with C.K.'s parents about C.K. re-
     enrolling in the District.[11] The principals also asked their office staffs and
     teachers if anyone has spoken with C.K.'s parents or had other information
     about C.K. enrolling in the District.  They didn't.[12]

7.   If C.K. were to re-enroll, he would likely be assigned to his neighborhood
     school, Canyon View Junior High.[13]  Canyon View and C.K.'s former
     elementary school, Foothill, do not have access to any Rifton chairs.[14]  The
     Director of Special Education, who is responsible for purchasing and placing
     for special education materials and therapeutic items for students with

---

[10] Decl. of Ryan Burke ¶ 3, attached hereto as **Exhibit B.**
[11] Brunner Decl., Ex. A ¶ 4; Decl. of Ryan Hemming, attached hereto as **Exhibit C** ¶ 4; Decl. of Wade Lott ¶ 4, attached hereto as **Exhibit**; Burke Decl., Ex. B, ¶ 4.
[12] Brunner Decl., Ex. A ¶¶ 5–6; Hemming Decl., Ex. C ¶¶ 5–6; Lott Decl., Ex. D ¶¶ 5–6.
[13] Burke Decl, Ex. B ¶ 9.
[14] Brunner Decl., Ex. A ¶ 7; Lott Decl., Ex. D ¶ 8.

special needs,[15] would ensure that no Rifton chair would be placed on those schools,[16] and that a Rifton Chair would not be used in any way with C.K.[17]

8.  Likewise, if C.K. were to re-enroll, district administration would instruct the school staff to follow all physician directives regarding providing C.K. food, water, or snacks during the school day,[18] and the principal of the school C.K. was assigned to would ensure those directives are followed.[19]

## LEGAL STANDARD

Whether a case has become moot "is grounded in Article III's limitation on the jurisdiction of federal courts to 'cases and controversies.'" *Ind v. Colo. Dep't of Corrs.*, 801 F.3d 1209, 1213 (10th Cir. 2015).  As such, it implicates this Court's subject-matter jurisdiction and may be challenged at any time under Federal Rule of Civil Procedure 12(b)(1).  *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016); *see also* Fed. R. Civ. P. 12(b)(1), (h)(3).  Under a "factual" attack of subject-matter jurisdiction, such as in this mootness challenge, the Court may accept evidence, "weigh evidence and make factual findings" without having to convert the motion to one for summary judgment.  *Los Alamos Study Grp. v. U.S.*

---

[15] Burke Decl., Ex. B ¶¶ 2, 10.
[16] *Id.* ¶¶ 6, 10.
[17] *Id.* ¶ 8.
[18] *Id.* ¶ 11.
[19] Brunner Decl, Ex. A ¶ 8; Hemming Decl, Ex. C ¶ 8; Lott Decl., Ex. D ¶ 9.

*Dep't of Energy*, 692 F.3d 1057, 1064–65 (10th Cir. 2012); *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

## LEGAL ARGUMENT

Plaintiff's remaining claims are moot.  "Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'" *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011) (citing U.S. CONST. art. III, § 2, cl. 1). Among other things, this means a plaintiff's suit must present a real controversy that remains alive during all stages of the proceedings. *Id.* at 1023–24 (10th Cir. 2011); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation marks omitted)). If circumstances change during the pendency of the case and a plaintiff's legally cognizable interest no longer exists, the case is moot and should be dismissed. *Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009); *see also Jordan*, 654 F.3d at 1023.

The three remaining claims are moot for two distinct reasons.  First, C.K. is no longer enrolled in any school in the District.  Any injunction prohibiting the District from taking action related to the modalities or methodologies of educating will not change relationship of the parties because the District is not educating

C.K., and C.K.'s parents have articulated no specific interest in returning to the district.

Second, even if C.K.'s withdrawal from school does not moot the case— C.K.'s educational circumstances does. C.K. was already transferred out of the Dan Peterson, the specialty school where the alleged violations occurred, to a more traditional elementary school, Foothill. If he were to return to the District, he would return to schools that *do not have access* to Rifton chairs, mooting Plaintiff's Second and Fourth Claims. Further, the District has taken actions to ensure that any physicians' requirements related to food, snacks, or hydration be followed. This moots the First Claim.

### 1. C.K.'s Absence from the District Moots the Remaining Claims.

Plaintiff's claims are moot because he left the district with no expressed intent to return.

For the Court to continue to assert jurisdiction over the case, there must be a dispute that is "definite, concrete and amenable to specific relief." *Jordan*, 654 at 1024. A case is moot when "the relief sought can no longer be given or is no longer needed." *Rhodes v. S. Nazarene Univ.*, 554 F. App'x 685, 690 (10th Cir. 2014) (not selected for publication) (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)). "In other words, the relief sought must have some effect

the real world." *Id.* (citing *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999).

C.K. is no longer enrolled in the district.  A Court order instructing the District not to use a Rifton chair with C.K. or not to deny C.K. food or water C.K. is in the District's care will have no real-world effect, because C.K. will not be in the District's care. *Id.* (concluding that ADA and RA claims seeking injunctive relief were moot when plaintiff left educational institution); *Hays v. Roseman Univ. of Health Sci.*, No. 2:14-cv-00198-DB, 2014 WL 6997924, at * 2 (D. Utah Dec. 10, 2014) (not selected for publication)  (acknowledging parties' agreement that ADA and RA claims seeing injunctive relief were moot after plaintiff had graduated, and refusing to allow plaintiff to amend the complaint to allege damages claims under the RA).

If C.K.'s parents do not have concrete plants to send C.K. back to the District, the case is moot.  *Chase v. Baskerville*, 508 F. Supp. 2d 492, 508 (E.D. Va. 2007) (concluding that plaintiff's failure to enroll in any educational program for a year and a half, along with the lack of expression of intent to re-enroll, mooted injunctive relief claim under the ADA and RA); *Cameron D. v. Arab City Bd. of Educ.* No. 4:17-cv-00022-ACA, 2018 WL 4615850, at *7 (N.D. Ala. Sept. 26, 2018) (not selected for publication) (concluding that a "possibility" that a student

who moved out of district "may someday live with his grandmother" back in the district mooted an appeal under the Individuals with Disabilities in Education Act); *A.L. ex rel. C.L. v. Sch. Bd. of Miami-Dade Cnty, Fla.*, No. 10-24415-CIV-LENARD/O'SULLIVAN, 2014 WL 12857913, at *39 (S.D. Fla. Jan. 6, 2014) (not selected for publication) (concluding that injunctive claim under Rehabilitation Act was moot when student left the district and claimed that he would return if "an appropriate educational program were to be offered" but that he speculated that he would be subjected to the "same discriminatory behavior").

This is true even if C.K.'s parents were "forced by circumstances the school set in motion" to withdraw C.K. from the District,[20] or if C.K. were "constructively expelled" from school. *Rhodes*, 554 F. App'x at 689–90; *Mirabella ex rel. Mirabella v. Wm. Penn Charter Sch.*, 752 F. App'x 131, 134 (3d Cir. 2018) (not selected for publication) (rejecting invitation of plaintiffs to create a "constructive expulsion" exception to mootness for claim of injunctive relief under the ADA). If there is no intent to return, then C.K. "is not susceptible to continued injury." *Rhodes*, 554 F. App'x at 690. And the case is moot.

---

[20] That fact is far from proven, since Plaintiff admitted that C.K. was eventually transferred out of Dan Peterson (where the allegedly unlawful activity took place) and transferred back to Foothill *before* C.K. withdrew from the District.

Plaintiff has not articulated any concrete plans for C.K. to return to the District. C.K. is not enrolled in a school in the District and has not been so enrolled since 2020.  Relevant District administrators, and the principals, staff, and teachers at C.K.'s two former schools and C.K.'s likely future school, have received no communications that C.K. will return to the District.  There is no indication that C.K. will be a student in the District any time in the near future, and any injunction issued about C.K.'s education will have no real-world effect. *Rhodes*, 554 F. App'x at 690.  Accordingly, the decision by C.K.'s parents to enroll C.K. in another school moots the remaining claims for injunctive relief, and the case should be dismissed.

### 2.  The Changes in C.K.'s Educational Circumstances Moots the Remaining Claims.

Even if C.K.'s absence from the District does not moot the claims remaining in the Amended Complaint, the changes in his educational circumstances would. And if a change in law or policy "already forbids the actions that [the plaintiff] seeks to enjoin," the change can moot a claim, particularly when a plaintiff "presents no evidence to suggest" that the change will revert "any time soon". *R.K. ex rel. J.K v. Bd. of Educ. of Scott Cnty, Ky.*, 637 F. App'x 922, 925 (6th Cir. 2016) (not selected for publication) (concluding that the passing of a statute prohibiting the same conduct that a proposed injunction would prohibit mooted a

claim for injunctive relief under the ADA and RA, particularly because "for years now," the school district had not been engaging in the allegedly unlawful behavior); *accord Brown*, 822 F.3d at 1169.

First, Plaintiff's challenge to the use of a Rifton chair with C.K. is moot because, even if C.K. does return to the District, he will not return to a school with a Rifton chair.  C.K. was already transferred away from a school with the chair.  If he were to return, he would likely return to Canyon View Junior High, his local school appropriate for his age.  There are no Rifton chairs there.  The District has no intent to place a Rifton chair there.  And the District official who has supervisory authority over the purchase and placement of materials and therapeutic items for special needs students has stated under oath that he would prohibit the school from purchasing a Rifton chair or moving one there.  When there is no chair for C.K. to potentially be secured into, there can be no claim for Plaintiff to secure article III jurisdiction in a live controversy. Plaintiff's Claims Two and Four are moot.

Second, Plaintiff's challenge to the District's withholding food is moot because, even if C.K. does return to the District, all relevant District employees have assured the Court that they will follow physician-prescribed instructions

regarding C.K.'s food, water, and snacks.  This moots the remaining portion of Plaintiff's Claim One.

Plaintiff may assert that the "voluntarily cessation" exception to the mootness doctrine saves the claim.  That exception ordinarily prohibits the mooting of cases when a defendant voluntarily ceases the challenged conduct "because a dismissal for mootness would permit resumption of the challenged conduct as soon as the case is dismissed."  *Brown*, 822 F.3d at 1166 (citations and quotations omitted).  But if "the defendant carries 'the formidable burden of showing that it is absolutely clear that the allegedly wrongful behavior could not reasonable be expected to recur," then a defendant's voluntary cessation moots a case. *Brown*, 8922 F.3d at 1168 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (further citations and quotations omitted).

If the remote possibility that C.K. will return to the district, and that he will be subjected to the same kinds of treatment despite being in a different school, with different surroundings, with different materials is enough to keep the door open on this case, the District's assurances that it will comply with C.K.'s physician's orders about his food, water, and snacks shuts it.

The change was articulated, under oath, by the District administrator with supervisory responsibilities over all service providers for special education in the

district and the principals of the schools C.K. has, or would most likely attend.

They declared under penalty of perjury that the District will not engage in the exact

conduct complained of in Claim One.  To disregard this evidence would require

the Court to conclude that the relevant administrators are "engag[ing] in deliberate

misrepresentation to the court." *Brown*, 822 F.3d at 1170.  This is not a "sham"

designed to avoid jurisdiction and restart unlawful conduct; this is a change in

policy, consistent with other changes (moving C.K. out of Dan Peterson, ensuring

that Rifton chairs are not used with C.K.) to ensure compliance with the law and

appropriate education for C.K. There is "no reasonable expectation that" the

District will violate the policy.  *Id.*

Furthermore, because C.K. is no longer enrolled in the District, Plaintiff's

interest in challenging the District's policy is lessened. *See Brown*, 822 F.3d at

1173 (concluding that a plaintiff's move out-of-state made is less likely for that

plaintiff to be prosecuted under a Utah statute criminalizing bigamy). And the fact

that the policy may have been created because of the lawsuit strengthens, not

weakens, the case for mootness. *Id.* at 1171.

The allegedly wrongful behavior asserted in Plaintiff's Claims One, Two,

and Four cannot be reasonably expected to recur, and therefore Plaintiff's claims

should be dismissed as moot.

17

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court grant their motion and dismiss all remaining claims with prejudice.


RESPECTFULLY SUBMITTED THIS 27TH day of May, 2021.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/  *Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General
*Attorney for Defendants*